MARY I. GIERTSEN *vs.* HERMAN J. GIERTSEN *et al.*

Argued June 25, 1894. Affirmed July 13, 1894.

No. 8806.

**Findings sustained by the evidence.**
    Evidence *held* to sustain findings of fact.

**A finding not prejudicial.**
    A certain finding of fact *held* not to prejudice appellant, and therefore she cannot complain.

Appeal by plaintiff, Mary I. Giertsen, from an order of the District Court of Hennepin County, *Robert D. Russell,* J., made February 3, 1894, denying her motion for a new trial.

Plaintiff owned a lot in Baker's Fourth Addition in Minneapolis, and her husband, Nels H. Giertsen, owned a house and lot No. 113 First Street north in that city. On August 6, 1891, she and her husband deeded both lots to his father, the defendant, Herman J. Giertsen. This deed was recorded November 23, 1891. It was absolute in terms, but was in fact to secure an indebtedness that plaintiff's husband then owed his father and future advances the father was to make to pay the husband's creditors. Those advances were never made, as the creditors refused his offer of settlement. He then owed his father $1,500 and interest from November 24, 1890, secured by his note and a balance of $900 and interest on another note for

$3,400. On November 16, 1891, the father, Herman J. Giertsen, and his wife made a deed of both lots to plaintiff, and delivered it to Henry J. Giertsen, another son, with instructions to hold it until plaintiff's husband paid the balance due on the two notes, and then deliver it to plaintiff. In February, 1893, plaintiff's husband obtained this deed without the consent or knowledge of Henry or his father, and gave it to her. Plaintiff's husband died intestate April 10, 1893, and plaintiff soon after on the demand of Henry J. Giertsen delivered the deed back to him unrecorded. On November 23, 1891, the father, Herman J. Giertsen, made and delivered to Eli Giertsen, another of his sons, a mortgage on the property for $5,000, and he assigned it to his mother, Albertina Giertsen, but neither she nor any of the parties claimed anything under it. It was admitted that it was given merely to safeguard the debt of plaintiff's husband to his father. Plaintiff brought this action claiming that the deed of August 6, 1891, from herself and her husband to his father, was made on the father's promise to deed the property immediately to her and was not made to secure her husband's debt, and she prayed judgment that the deed in Henry's hands was lawfully delivered to her and that it be returned to her, and for other relief.

The court made findings, and as conclusions of law found that the deed of the plaintiff and her husband to his father was a mortgage securing the debt owing to him, that the deed from the father and his wife to the plaintiff was never delivered and was void, that the title to the lot in Baker's Fourth Addition is in the plaintiff, and the title to the other lot is in the heirs of her deceased husband, including plaintiff, that both lots are subject to the payment of the two notes, and that the mortgage to Eli Giertsen is void. He ordered judgment that plaintiff take nothing by this action. She moved for a new trial, and being denied appeals. The discussion here was upon the evidence, whether or not it was sufficient to sustain the findings of fact.

*Ferguson & Kneeland*, for appellant.

Upon any theory of the case, the plaintiff was entitled to a decree for the cancellation of record and delivery up of the $5,000 note and mortgage dated November 23, 1891, made by Herman J. to Eli Giertsen, and for the cancellation of the assignment of it by him to Al-

bertina Giertsen, and for her costs and disbursements. This was demanded in the complaint, and the evidence and findings of the court that the mortgage was void entitle her to it.

To establish that an absolute deed is a mortgage a high degree of proof is requisite. It must be clear and strong and beyond a reasonable doubt. The evidence must be so clear, specific and conclusive as to leave in the mind no hesitation or doubt. The presumption is that the instrument is what it purports on its face to be, an absolute conveyance of the land. To overcome this presumption and to establish its character as a mortgage the cases all agree that the evidence must be clear, unequivocal and convincing, otherwise the natural presumption will prevail. *Sloan* v. *Becker*, 31 Minn. 314, 34 Minn. 491; *Wakefield* v. *Day*, 41 Minn. 344; *Winston* v. *Burnell*, 44 Kans. 367; *Tilden* v. *Streeter*, 45 Mich. 533; *Satterfield* v. *Malone*, 35 Fed. Rep. 445; *Ensminger* v. *Ensminger*, 75 Ia. 89; 3 Pomeroy, Eq. Jur., § 1196.

*Gjertsen & Rand*, for respondents.

There is actually nothing in the first point of plaintiff that the court should have ordered a decree vacating the mortgage. Before she is entitled to any relief in the premises, she must prove title to the property, and the only effort she made to prove title was through the deed of November 16, 1891, which the court found had never been delivered to her. As she showed no title to the property whatever she was not entitled to relief regarding it.

The burden of plaintiff's argument is, that the defendants did not prove by sufficient evidence that the deed of August 6, 1891, was a mortgage. She cannot complain of the mortgage theory of the case, or the evidence offered in support thereof. It is more favorable to her than it would be if the deed were held to be an absolute conveyance. This is not an action to foreclose the mortgage, hence the burden is not on the grantee in that deed to show it to be a mortgage.

To defeat plaintiff in her action it was wholly unnecessary for the defendants to establish that the deed of August 6, 1891, was a mortgage. It was only done to show the true relation of the parties, and lay all the facts before the court.

GILFILLAN, C. J. The complaint alleges that plaintiff's husband, Nels H. Giertsen, held the title to one piece of real estate, and she to another piece, and that August 6, 1891, they executed a deed conveying both pieces to the defendant Herman J.; that this deed was without any consideration, but was made for the purpose of passing the title to the plaintiff, in connection with a deed to her to be executed by Herman J. and his wife, which they promised to execute, and that they did, on or about the same day, execute and deliver to her such deed, conveying to her the same pieces; that the former deed was recorded, and the latter was not, but remained in her possession until it was fraudulently got from her by the defendant Henry, and that November 23, 1891, Herman J., with intent to defraud the plaintiff, executed to Eli Giertsen a mortgage for $5,000 on the two pieces, which was recorded, and which he assigned to the defendant Albertina. The gist of the relief asked is that plaintiff be adjudged the owner of the real estate, free from all liens put on it by defendants since August 6, 1891.

The answer denies that the deed from plaintiff to Herman J. was without consideration, that it was made for the purpose of passing the title to plaintiff, and that he and wife promised to execute a deed of the pieces to plaintiff, and alleges that it was executed as security for two notes of plaintiff and her husband held by Herman J.,— one for $3,400, and one for $1,500; and it denies that the deed from Herman J. to plaintiff was ever delivered, but alleges that it was placed in escrow with Henry Giertsen, to be delivered by him to her when those two notes should be paid, and that, without the notes being paid, it was, without authority, taken from the possession of Henry by plaintiff's husband, and she got it from him, and that she voluntarily redelivered it to Henry.

There is a great deal more in the pleadings, but the above statement shows where the real stress of the controversy is.

The court below found the execution and delivery of the deed from plaintiff and her husband to Herman J.; the making, November 16, 1891, of the deed from Herman J. and wife to plaintiff, and that it was deposited in escrow with Henry, to be delivered when the notes above mentioned should be paid, and that it was taken from his possession, without the knowledge or consent of Herman J. or his wife, or of Henry, by plaintiff's husband, from whom she

got it, and Henry afterward regained it from her. The evidence fully sustained these findings.

The court did not find either way upon the alleged want of consideration for the deed from plaintiff and her husband to Herman J., nor that its purpose was to pass the title to plaintiff, and the plaintiff did not ask any findings on those issues.

The court also found that the deed was executed to secure the notes above mentioned. The plaintiff assails this finding as unsupported by the evidence. But, if that finding were set aside, then, on the other findings, the deed to Herman J. would stand as an absolute conveyance; and, the other deed never having been legally delivered, plaintiff would have no interest in the property. That finding is in her favor, and, if erroneous, she cannot complain of it, nor of the conclusion of law based on it, because she is not prejudiced.

There are a good many assignments of error to rulings of the court in admitting or excluding evidence, but there is no error in any of them that affects the findings of fact that determine the case.

There is no assignment of error to any conclusion of law upon the facts found. Every such assignment assumes that some fact ought to have been found differently, so there can be no reversal or modification on such grounds.

But we will say that the direction for judgment ought, on an application by plaintiff to the court below, to be conformed to the essential conclusions of law, so that the judgment shall adjudge plaintiff to be the owner of the piece which she owned prior to the deed of August 6th, and that that deed is in effect a mortgage on that piece and on the other piece to secure the said two notes, and that the mortgage from Herman J. to Eli is void.

Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 1004.)